**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES GRAY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:24-cv-00779-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On November 25, 2020, movant pled guilty to two counts of being a felon in possession of a firearm. *United States v. Gray*, 4:18-CR-1003-CDP-1 (E.D. Mo.). On April 28, 2021, the Court sentenced movant to a total term of 78 months' imprisonment. *Id.* at ECF No. 89. Movant did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>   (1) the date on which the judgment of conviction becomes final;

>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

>United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(3), and is subject to summary dismissal. Plaintiff's motion purports to rely on the Supreme Court's decision in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), which plaintiff contends recognized a new right made retroactively applicable to cases on collateral review. The Supreme Court issued the *Bruen* decision on June 23, 2022. Under 28 U.S.C. § 2255(3), plaintiff would have had until June 23, 2023 to file this § 2255 motion The instant motion was signed by movant on May 27, 2024, nearly one year after the statute of limitations expired.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 13th day of June, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE